Thank you very much. And we're going to wait until the courtroom is cleared, and then we will go on. Okay. Appeal number 22, 2762, Sherman Fields versus John Gilley. And hello, Ms. Patty. Hello, Your Honor. How are you? I'm doing wonderful. How are you, Your Honor? I'm good. We're all good. Great. May it please the court. The judge who presided over Sherman Fields' trial and then declined to recuse himself from 2255 proceedings was not an impartial and unbiased decision maker. He was a sexual abuser found to have roped and forcibly kissed an employee in the courthouse and for interfering with the investigation into his misconduct. He was also cozy with government lawyers and government agents, seen high-fiving and congratulating them after particularly intense cross-examinations. Mr. Fields' trial and 2255 proceedings lacked integrity because the judge lacked integrity. The judge declining to recuse from 2255 proceedings is what made those proceedings inadequate and ineffective to test the legality of Mr. Fields' convictions and his conduct at trial is what made the trial unfair. Because Mr. Fields' 2255 proceedings were inadequate, he is entitled to proceed with his habeas petition under Section 2241. Ms. Patty, I would like to ask you this. Why couldn't the claims that you are pursuing here have been brought in the initial Section 2255 motion, even as to the allegations of bias? Wouldn't the Fifth Circuit, on direct appeal or on appeal from the Section 2255, have been capable of adjudicating those claims? There are two relevant points in response to that, Your Honor. First of all, the judge was asked to recuse and declined to recuse. And I think the more sort of important answer to that is that the issues with his misconduct, the investigation into his misconduct that he interfered with, didn't happen until after Mr. Fields' 2255, including the appeal, was concluded. That's relevant... Go ahead, Your Honor. Oh, that's... No, no. I'm looking at something. Go ahead. Oh, I'm sorry. That's relevant because, first of all, the investigation and the findings of the investigation themselves call into question the judge's impartiality. And secondly, it puts some of the information about what happened at Mr. Fields' trial and also his conduct in other cases, and in particular, his coziness with government prosecutors in a new light, right? He's committing crimes in the courthouse, and he's also suggesting favoritism towards federal prosecutors, the people who could prosecute him for committing those crimes in the courthouse. Does it mean that every petitioner who had a 2255 pending before this particular judge during that time period, up until the time the misconduct came to light and the investigation was finished, do they all now have a right under 2241 to have another circuit look at their claims? I don't think so, Your Honor, because the trial record in this case suggests bias against Mr. Fields and towards the government. If that evidence didn't exist in another case, then there would not be grounds for a 2241. But here, the judge essentially forced Mr. Fields to proceed pro se. He had a serious conflict with his counsel. He tried to bring that to the attention of the judge. The judge said, that's none of my business, and told Mr. Fields, I don't want to know what your conflict is about. All I know is that your lawyers are operating to the best of their ability, and I know that as well as I know my own name.  Mr. Fields made clear that he did not want to proceed pro se. He simply wanted lawyers who would forcefully litigate at the first phase of his trial. He had vigorously contested the charges against him and maintained his innocence, and counsel was going to focus on the penalty phase. We know from McCoy. I want to be sure I understand the argument about what the judge said when Mr. Fields was talking about the conflict that had arisen with his counsel. Are you saying that the judge was vouching for Mr. Fields' counsel, where a conflict has developed, and that in itself shows coziness with the government? Because I heard you making the allegation earlier about bias toward the government. But here, you're also drawing attention to vouching for these who are private attorneys. So I have a couple of points in response to that, Your Honor. I think he is vouching for those attorneys, and I think that's an issue in and of itself. I think that could be easily read as rushing the case and complying with the prosecutor's desire to get the case tried. I also think he is taking other steps that put Mr. Fields in an untenable position that helped the government. Mr. Fields is essentially asked to preview his cross-examination of a key witness at one point during the trial. And so I think there's, um, there's vouching for the defense attorneys, which is part of undermining Mr. Fields' fundamental rights to, um, counsel that will allow him to direct the purpose of his representation. But there's . . . But Ms. Patti, forgive me, but you know, Fields had a, seemed to have a recurrent issue with his attorneys. He had objections to his attorneys before that time. And isn't that correct? I'm sorry, Your Honor, do you mean before, before what time? I'm sorry, I want to make sure I answer your question. Before the time that the court informed him, uh, that he wasn't going to delay. I thought he had some problems with other attorneys as well. It seemed to be a recurrent problem. So it's correct, Your Honor, that he had problems with his trial attorneys throughout. And I think that is exactly the point. He raised to the judge numerous times that the attorneys weren't letting him determine what the purpose of representation would be. In addition to that, in the midst of that conflict, one of the attorneys who represented him realized that he had been involved in a juvenile prosecution of Mr. Fields. So against the background of Mr. Fields not being allowed to decide to litigate his innocence in the first phase of his trial, he's also told, by the way, when you were 12, one of your attorneys was involved in prosecuting you. The judge, at several different points, there are discussions about this at several different points because Mr. Fields is continuously saying he wants attorneys who will listen to him about what the goals of his representation will be, and there are several dismissive comments that the judge makes about why Mr. Fields is not entitled to new counsel, because that will take time. And he advises him not to go pro se, but also says your options are these attorneys or to go pro se, and that's why Mr. Fields— Wasn't the judicial bias argument still raised during the initial Section 2255 proceedings? It was, Your Honor, and the judge was asked to recuse, but again— So why doesn't that fact alone demonstrate that 2255 is not inadequate or ineffective? Because there are important facts about this judge's bias that were not known at the time, which makes this very similar to this court's Garza and Webster cases, where there's new information that comes to light after the conclusion of 2255 proceedings, and here that's a finding by the Fifth Circuit judicial panel—judicial misconduct panel—that this judge had engaged in this course of sexual abuse and interfered with the representation—with the investigation, I'm sorry—into his abuse, including not disclosing to opposing counsel that one of the lawyers appearing in front of him was his attorney during that misconduct proceeding. So there is—there are things that happen on the record. There's a—there's a separate case where he's seen— Just like that. How do you think his, you know, sexual—how do you think those problems impact Mr. Fields? I think they impact him in two ways, Your Honor. One is, you know, we care about the way that judges comport themselves in their offices because it speaks to whether they have the correct temperament to be judges. This judge was suspended from taking new cases as part of the discipline into his misconduct. I think that speaks to the system caring about this kind of behavior and recognizing that it affects his ability to be a judge. And in addition, he is, as I said, committing crimes which would encourage him not to make himself a target of prosecutors. I won't—I see I'm running into my rebuttal time, but I will note, Your Honor, there was a different judge engaged in similar misconduct who was prosecuted, you know, while all of this was going on by U.S. attorneys. So it's not hypothetical to think that he might be concerned about making himself a target of U.S. attorneys. I have a concern, I know, before you go. You do tell us on page 18 of your opening brief that you are challenging the district court's decisions, the dismissal of grounds one through eight. But as reflected here as well, you then discuss ground two, which is the bias issue pretty significantly, ground two. Under our precedents, do you agree or not agree that that constitutes waiver? I do not agree that it constitutes waiver. Of the other grounds? I don't believe that we forfeited the other grounds, Your Honor. However, I do think it's fair that ground two is the strongest claim and the claim that it would be appropriate for the district court to focus on on remand. OK. If there are no further questions, I would ask this court to remand for further habeas proceedings. I'm going to give you your rebuttal time. Don't worry about it. Thank you very much, Your Honor. Thank you. OK. Mr. Richter is. May it please the court. Zachary Richter for Wharton Gilley. Three key points. First, Section 2255 is adequate and effective to present judicial bias claims. Every circuit that has considered that question has agreed with that statement. And that's because a litigant who believes that a judge is biased can present a motion to recuse and then a denial of that motion to recuse is reviewable on appeal by the Court of Appeals. So if the defendant, after exhausting his first motion for Section 2255 relief, discovered evidence that the judge in his criminal case had received a bribe, what avenues would be available to pursue relief, assuming that the new evidence would not establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense? Jones v. Hendricks answers that question by saying that when a successive challenge is brought, Section 2255H and the restrictions that are there tell us when that successive attack can proceed. Jones v. Hendricks says that not only that Section 2255 is the answer to that question, also that the saving clause has, quote, nothing to say about that question. So in your hypothetical, Judge Rovner, if a prisoner cannot make the showing under Section 2255H1 that newly discovered evidence shows that no reasonable fact finder would have acquitted him, then that collateral attack cannot proceed. And that is a function of the balance that the Supreme Court says Congress has drawn between multiple rounds of review and finality. So Jones v. Hendricks answers that question by saying, if you cannot meet Section 2255H1, which has to do with newly discovered evidence, then you cannot bring a successive collateral attack. And you cannot resort to the saving clause simply because you cannot meet those strictures. So Fields' real problem here is that he just can't bring a successive motion, not that he was not ever able to present these claims through Section 2255. And Fields has not addressed Jones v. Hendricks in this vein. When the Supreme Court looked at Jones v. Hendricks, it was also looking at a fundamental issue, which is whether the conduct that the defendant had committed was actually even criminal given a new statutory interpretation. And the Supreme Court said that does not fall within Section 2255H1 or H2, and therefore no successive collateral attack is available. And the saving clause, again, has nothing to say about that. In addition, I would point out, because these are allegations that have very little to do with Fields' own claims of bias, most of which, although my colleague has intermixed them in her presentation, most of these claims about what the judge was doing or not doing were things that Fields knew by the time he was filing his direct appeal, let alone his first Section 2255. So the only additional information, which they only mentioned in a footnote in their district court briefing, is that there was a sexual misconduct allegation against this judge or a finding against this judge later on. They've not drawn any real connection between that and Mr. Fields. But again, under Jones v. Hendricks, it wouldn't matter. The Supreme Court has said, Congress has said, when a successive collateral attack is permitted, at some point we don't retest for error, to use this Court's words, again and again. And so in this instance, because Fields concedes that he cannot meet those strictures, he cannot use Section 2255H or the saving clause. Do we— I'm sorry. What should we make of the fact that one of Fields' attorneys was involved in prosecuting him? Mr. Fields could have presented that in his first direct appeal or in his first Section 2255. That allegation—or I'm sorry, that fact does not mean that Section 2255 was inadequate or ineffective. And that's what we need to turn to, because that's the question for this Court under the saving clause. Was Section 2255 inadequate or ineffective as a vehicle? And the Supreme Court said that the answer to that question is not about whether a court would have erred in addressing a first Section 2255 motion. Section 2255 is ineffective or inadequate when, for instance, the Court has dissolved, so can't even hear a Section 2255 motion, or where there's no practical way to adjudicate that Section 2255 motion. But you would agree those are examples, the Supreme Court. They haven't given us yet an exhaustive list of what would be inadequate and ineffective. Would you agree? They haven't given an exhaustive list, so I would agree with that. But those examples point to how the Supreme Court has viewed Section 2255 vis-a-vis Section 2241 and the general habeas power. Those examples point to how Section 2255 and Section 2241 have been used in the past. And there's no instance in the briefing or anywhere that I've found that suggests that a claim of judicial bias somehow renders Section 2255 inadequate or that it was understood that way when the saving clause was passed or for the first 50 years of its application. Let me ask you a question taking you back to Jones, which you rely on quite significantly. I don't think it's the case, as you suggest, that Mr. Fields is ignoring Jones. Mr. Fields is just saying, we've got cases that you should look at too, like Garza and Webster. Is it your position that Jones is in some way abrogating Garza and Webster? Yes, I think that Jones undermines the reasoning of Garza and Webster. I don't think the court has to go that far to resolve this case, because even under this court's pre-Jones jurisprudence, Mr. Fields would not have been able to bring this sort of claim. But if you look at the logic of Garza and Webster, both of them are saying that to figure out whether 2255 is ineffective, you look at the strictures in Section 2255H. And if those prevent somebody from bringing a claim, then Section 2255 may be inadequate or ineffective. The court in Jones said, that's not how it works. The question of whether you go to Section 2255, the default avenue, or whether you can jump out and file a habeas petition in the district of confinement, that is an antecedent question to whether Section 2255H permits a successive collateral attack. And so since Section 2255 permitted Mr. Fields to make his judicial bias claim when he filed his first Section 2255 motion, we know that Section 2255 is the way he had to go. Later, Section 2255H imposes restrictions on successive petitions or successive motions, but that does not allow him to resort to the saving clause under Jones. Um, uh, Mr. Richter, uh, was the dismissal by the district court in this case for lack of subject matter jurisdiction? The district court did not state as much, Your Honor, but I'm happy to have this opportunity to clarify that point because the department's... Oh, because, you know, if not, shouldn't it have been if the 2255E standard wasn't met? That's right, Your Honor. Our position nationwide now is that Section 2255E in saying that a habeas petition shall not be entertained is jurisdictional. This court's pre-Jones case is held to the contrary. However, Jones affirmed a dismissal for lack of jurisdiction by the district court, and since then, in the Hogsett case, a published case by this court, this court has remanded for dismissal for lack of jurisdiction. It doesn't make a big practical difference in this case. We believe that this should be either affirmed, the dismissal should be affirmed, or that should be returned to the district court with instructions to dismiss for lack of jurisdiction. But we do believe that it's jurisdictional and that Jones and subsequently Hogsett do make clear that because this is a jurisdictional question, it should be dismissed for lack of jurisdiction. Okay. Anything more? No. If there's nothing else, we'll just urge the court to affirm the district court's finding on the saving clause and either affirm the judgment or remand with instructions to dismiss for lack of jurisdiction. Thank you. Thank you very much. Ms. Patti? Let's see. Ms. Patti? Oh. She only asked for one minute. Do you need two? Sure, Your Honor. I just, I just. Let's give her three. Let's just give it to her. Go ahead. I just have a couple of points about Jones versus Hendricks. Jones is only about statutory interpretation cases. And what the court says in Jones is that after AEDPA, as before, habeas relief may be available if relief on 2255 is impossible or impracticable. The Supreme Court could have stopped at impossible, but it didn't, and included that the savings clause may allow relief under habeas if relief is impracticable on 2255. And I think the point that what the court gives are only examples of situations where relief might be impracticable is extremely important. And I also think it's worth noting that the court calls those the clearest examples. So the court is making clear that it is not giving an exhaustive list. It's not surprising that the court's dissolution would be a very obvious example of when relief is unavailable, but it does not imply that it is the floor. It is very much the most obvious example of when relief is unavailable. This court's cases prior to Jones have basically a Davenport line of cases that is about statutory interpretation. And obviously, there's no question that Jones abrogated that line of cases. But Garza, Webster, Perkey, and cases like that have always been part of a different line of cases addressing unusual circumstances. And Jones has nothing to say about this court's unusual circumstances line of cases because except that it is exactly what habeas relief ought to be available for. If there are no further questions, Your Honors, I would again ask that this court remand for further habeas proceedings. Thank you very much. Thank you so much. Thank you. Thank you, Ms. Patty. Thank you, Mr. Richter. Case will be taken under advisement. Thank you very much.